CHARLES F. CLARK *vs.* CITY OF LOWELL.

If the plaintiff, in an action against a town for an injury sustained by reason of a defective highway, has introduced no evidence except his own testimony, and by his own testimony has definitively fixed the place of the accident and the circumstances under which it occurred, and the defendants, in reply, have introduced witnesses to show that the accident which caused the injury occurred at a different place in the highway where no defect had been shown to exist, and under different circumstances, the interference of the presiding judge to check an argument of the plaintiff's counsel to the jury, that the defendants were liable even if the injury was received under the circumstances testified to by the defendants' witnesses, furnishes no ground of exception.

TORT for an injury sustained by reason of a defective highway.   At the trial in this court, before *Bigelow*, J., the only evi-

dence introduced by the plaintiff to prove the place where and the circumstances under which the injury was received was his own testimony. He testified that he was walking home to his father's house in the evening, and was just crossing a street at a place where it was crossed by a railroad at grade, when he saw an engine coming, and in turning back he placed his foot in a hole in the planking laid between the rails, which threw him down and caused him to break his arm; and he fixed clearly the precise place in the street where the hole was, and where the injury was received. He further testified that, at the time in question, he was walking quietly home alone; that he was not then, and had not been on that evening, engaged in playing the game of tag near that place.

To control this evidence and contradict the plaintiff, the defendants introduced several boys as witnesses, who testified that when the plaintiff fell he was running, and that he was then, and for some time before had been, engaged with them in playing tag; and that the place where he fell was not the one described by him, but was at a different place, described by them.

The plaintiff's counsel, in his argument to the jury, urged that the defendants were liable even if the plaintiff was playing tag when he received the injury, if he was using due care; but the court interrupted him, saying, " You cannot take that position, when your client testifies positively that he was not playing when the accident occurred. You discredit your only witness." Thereupon he desisted from urging that argument.

A verdict was returned for the defendants, and the plaintiff alleged exceptions.

*J. C. Kimball*, for the plaintiff.

*T. H. Sweetser*, for the defendants.

Dewey, J. There was no exclusion by the court of any testimony offered by the parties, nor was the plaintiff prohibited from presenting his case to the jury upon the whole evidence. The remark of the court, to which the exception was taken, was merely as to the effect of an argument to the jury that the counsel for the plaintiff was then urging in his favor. Although the

position be entirely sound, as urged on the part of the plaintiff, that an injury received while playing tag might have furnished a legal cause of action against the defendants, had the facts shown it to have been caused through the default of the defendants and the plaintiff was using due care: yet in the present case the facts stated by the other witnesses, if believed, would show not only that the plaintiff was at the time playing at the game of tag, but that the place where the accident occurred was a different one from the hole in the planking laid between the rails, which was the alleged defect in the street complained of as causing the liability of the defendants. The suggestion by the presiding judge was in reference to the state of the evidence, and to the fact that the plaintiff's counsel, by discrediting his only witness, would not only show the plaintiff to have been playing at the game of tag when he received the injury, but also that he received it at a place where no defect in the street was shown to have existed.

The case was put to the jury under instructions, leaving the questions of the credibility of the witnesses and the finding of the facts wholly with them. We do not perceive any sufficient reason for setting aside the verdict.     *Exceptions overruled*